IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| JOHNNY SMITH, | ) | |
| ADC # 096784 | ) | |
|     Petitioner, | ) | **Case No. 5:14-CV-00026 DPM-JTK** |
| v. | ) | |
| | ) | |
| RAY HOBBS, Director, | ) | |
| Arkansas Department of Correction | ) | |
|     Respondent. | ) | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge D P Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Johnny Smith (Doc. No. 1). After reviewing the parties' briefing and the available evidence, the Court finds that Petitioner's claims should be DISMISSED.

## Background

Petitioner was convicted of first-degree murder on April 23, 1991 by a Miller County (Arkansas) jury and was sentenced to life imprisonment. He subsequently appealed his conviction to the Arkansas Supreme Court, but his conviction was affirmed. *Smith v. State*, 310 Ark. 247, 837 S.W. 2d 279 (1992). Petitioner did not seek postconviction relief pursuant to Ark. R. Crim. P. 37.1.

**Discussion**

Petitioner argues that he is entitled to relief pursuant to 28 U.S.C. § 2254 because he received ineffective assistance of counsel and because of prosecutorial misconduct. Even if it is assumed arguendo that his procedural defaults are excused, his claims still fail because they are barred by the statute of limitations.

Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Although the Arkansas Supreme Court affirmed Petitioner's conviction in 1992, habeas petitions involving pre-AEDPA final judgments were given a one-year grace period that ended on April 24, 1997. *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999). The current petition was not filed until January 30, 2014, nearly seventeen years too late.

Petitioner argues that the Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), excuses the untimeliness of his petition, but there is nothing in *Martinez* or the subsequent decision in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), that indicates the Supreme Court intended the statute of limitations to be affected. Whether a claim is procedurally defaulted is a completely distinct question from whether it is barred by the AEDPA's statute of limitations. There is also no reason to believe that *Martinez* would trigger the provisions of 28 U.S.C. § 2244(d)(1)(C). *Martinez* merely gave prisoners a chance to have federal courts entertain ineffective assistance of trial counsel claims that had not been properly presented to the state courts because they had been unable to bring the claim during direct appeal and were prevented from doing so during postconviction review due to ineffective assistance. The Court also notes that the current petition was brought more than a year after *Martinez* was decided.

Nor is equitable tolling appropriate in this case. "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Rues v. Denney*, 643 F.3d 618, 621 (8th Cir. 2011). Given the circumstances, Petitioner cannot blame his lack of diligence on lack of counsel or the holding in *Martinez*.

Finally, Petitioner appears to make a claim of actual innocence. In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1932, 185 L. Ed. 2d 1019 (2013), the Supreme Court found that the miscarriage of justice exception could apply to the statute of limitations. "To fall within the fundamental-miscarriage-of-justice exception, 'a habeas petitioner [must] present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted.'" *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)). The only evidence Petitioner has provided is an allegation concerning what two witnesses would have said. The first, Carla Holmes, was apparently prevented from testifying that John Paries III, "Little John," hid some bloody clothes at her house while on the run after the murder. This testimony would have done little to support Petitioner's case since Paries confessed to the crime and implicated Petitioner's involvement as well. Holmes's testimony merely supported the credibility of Paries's confession. The second witness was Clifford Gill, Petitioner's uncle. Gill would have allegedly testified that Paries told him that Petitioner did not have anything to do with the crime and that officers threatened Gill not to testify in court to support his nephew, Petitioner. Petitioner's allegation regarding his uncle's testimony is insufficient to meet the stringent miscarriage of justice exception. Accordingly, Petitioner's claim is barred by the statute of limitations.

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

All pending motions are DENIED as moot.

SO ORDERED this 15th day of May, 2014.

_____
United States Magistrate Judge